UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ELIZABETH A. M.,[1]

        Plaintiff,

  v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 3:21-CV-01177-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Elizabeth A. M. seeks judicial review of the final decision by the Social Security Commissioner ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

    The Commissioner has filed a Motion for Remand (ECF 20), conceding the case should be remanded for further proceedings. Plaintiff contends the case should be remanded for full award of benefits. Reply, ECF 15. After considering the arguments of the parties, the court

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of plaintiff's last name.

1 – OPINION AND ORDER

grants in part the Commissioner's motion, reverses the agency's decision, and remands the matter for the immediate calculation and award of benefits.

## BACKGROUND

After plaintiff suffered a workplace hip injury in 2013, she claimed she no longer could perform her past relevant work as a hydroelectric powerhouse mechanic, a heavy-exertion job. At that time, she maintained that she suffered from chronic and severe hip pain and would have to lie down or change positions too frequently in the course of a normal workday or workweek to sustain employment.

Plaintiff protectively filed for DIB on November 5, 2014, alleging disability beginning on November 5, 2014.  Plaintiff's application was initially denied on February 2, 2016, and upon reconsideration on June 17, 2016.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on October 31, 2017, and then another hearing was held on February 1, 2018.  At the first hearing, plaintiff amended the alleged onset date of her disability to June 30, 2015.  Vocational experts (VEs) testified at both the first and second hearings. Impartial medical expert Ronald Kendrick, M.D. testified at the second hearing.  The ALJ issued a decision on April 6, 2018, finding plaintiff not disabled within the meaning of the Act.  Tr. 64.

The Appeals Council denied plaintiff's request for review on February 13, 2019. Plaintiff filed a civil action against the Commissioner on March 1, 2019.  I remanded the case for further proceedings, concluding the ALJ erroneously rejected plaintiff's subjective symptom testimony regarding relevant pain testimony.  *Elizabeth M. v. Comm'r.*, 3:19-cv-00301-YY, 2020 WL 4674110 (D. Or. Aug. 12, 2020).

A new hearing was held before an ALJ on February 3, 2021, at which plaintiff and a VE testified.  The ALJ issued a hearing decision on May 12, 2021, finding plaintiff not disabled.

The ALJ's decision is the Commissioner's final decision and subject to review by this court. 20 C.F.R. § 416.1481.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence . . . is 'more than a mere scintilla.' It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consolidated Edison*, 305 U.S. at 229) (citation omitted).

In reviewing the Commissioner's decision, this court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). When the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's decision if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)). The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). The Commissioner bears the burden of proof at step five. *Id.* at 953-54.

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity from the alleged onset date of disability, June 30, 2015, through April 28, 2019, but returned to substantial gainful activity on April 29, 2019. Tr. 2109. At step two, the ALJ determined plaintiff suffered from the following severe impairments: right hip injury with surgeries and complaints of chronic pain, migraine headaches, asthma, and obstructive sleep apnea. (20 C.F.R. 404.1520(c)). Tr. 2109.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 2110.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined plaintiff:

> had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except as follows. She could occasionally lift up to 15 pounds, and frequently lift and carry up to ten pounds. She could stand and walk four hours in an eight-hour-workday. She could sit six hours in an eight-hour-workday. She could occasionally climb ramps and stairs, and never climb ladders, ropes, and scaffolds. She could occasionally balance, stoop, kneel, crouch, and crawl. She should have avoided concentrated exposure to extreme cold, fumes, odors, dusts, and gasses. She should have avoided concentrated exposure to work hazards such as machinery, heights, and vibration.

*Id.*

4 – OPINION AND ORDER

At step four, the ALJ found plaintiff was unable to perform past relevant work as a powerhouse mechanic. Tr. 2123. The ALJ concluded that considering the plaintiff's age (36 years old on the alleged disability onset date), her education, work experience, and RFC, plaintiff could make a successful adjustment to other work that exists in significant numbers in the national economy. Tr. 2125. Thus, the ALJ concluded plaintiff was not disabled. *Id.*

## DISCUSSION

Plaintiff contends the ALJ erroneously: (1) rejected the opinion of plaintiff's treating physician, Dr. Orth, and (2) rejected her subjective symptom testimony. The Commissioner concedes that the ALJ failed to provide substantial evidence to support his decision to discount Dr. Orth's opinion, and has filed a motion to remand for further proceedings. Plaintiff asks that the court remand the case for the payment of benefits.

**I.     Rejection of Doctor's Opinion**

   **A.     Relevant Law**

When a court determines the Commissioner erred in some respect in making a decision to deny benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings or immediate payment of benefits, the Ninth Circuit employs the "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) the record has been fully developed and further proceedings would serve no useful purpose, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Id.* at 1100-01. Even if all the requisites are met, however, the court may still remand for further

proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

**B.     Analysis**

As to the first prong of the test, the Commissioner concedes that substantial evidence does not support the ALJ's rationale to discount the opinion by plaintiff's treating physician, Dr. Orth. Mot. 5, ECF 20. In February 2021, Dr. Orth opined that plaintiff was unable to perform sedentary work because she could not persist in any job without lying down for periods of time. Tr. 2651. In his opinion, the ALJ assigned little weight to Dr. Orth, stating that there was "just one occasion" when plaintiff reported the need to lie down after activity. Tr. 2117, 2122. However, the medical record documents at least four times plaintiff reported that she needed to lie down to alleviate the pain brought on by activity. Tr. 792, 1328, 1585, 1748. Thus, substantial evidence does not support the ALJ's rationale to discount Dr. Orth's opinion.

Regarding the second step, the plaintiff argues that the record has been fully developed and the Commissioner does not disagree. Plaintiff filed for benefits in 2015 and the approximately 2000-page medical record contains a complete medical history from the date of the application through April 2019 when plaintiff returned to fulltime work. The record contains transcripts of three hearings, the initial hearing in 2017, a 2018 hearing when the ALJ called in a medical expert to testify, and the third hearing following the earlier remand. There is no additional medical evidence extant; the record has been fully developed.

As for the third prong, plaintiff contends that if the ALJ credited Dr. Orth's February 2021 opinion, the ALJ would be required to find plaintiff disabled on remand. In his letter, Dr. Orth detailed plaintiff's medical treatment:

> In October 2013, an MRI documented that [plaintiff] had a nondisplaced tear of the anterior superior labrum. She underwent a diagnostic arthroscopy of the hip

> with Dr. Herzka, on January 21, 2014 which revealed a superior and anterior labral tear with focal grade 3 chondromalacia changes adjacent to the femoral head and vevea. [Plaintiff] had another surgery on November 5, 2014, for a diagnostic hip arthroscopy. On April 6, 2016 [plaintiff] underwent a right hip arthroscopy with labral repair. [Plaintiff] also underwent a sinus surgery on February 23, 2016. She had another hip surgery on April 6, 2016, with Dr. Wagner, where he released the psoas tendon in the right hip and put another anchor in her labrum.
>
> Her functionality remained impaired following the 2016 surgery. In May 2017, a functional capacity evaluation showed that she could sit for up to 1.5 hours in eight hours, stationary stand for 1 hour in eight hours, and move or walk about for 1.5 hours in eight hours. By February 2018, her surgeon was discussing a total hip replacement, which would be extreme in a patient so young. In March 2018, Dr. Wagner performed another hip surgery, during which he tightened the capsule in her hip. That surgery put her on the road to recovery.

Tr. 2650-51. Dr. Orth then opined:

> It is my medical opinion that she was incapable of sedentary work beginning in June 2015 and continuing to early 2019 because she could not persist in any 8 hours in any job without lying down for periods. She would also have missed work due to pain in excess of two days per month.

Tr. 2651.

The ALJ gave Dr. Orth's opinion "little weight" because he found it inconsistent with the record "that documents just one occasion when the claimant reported the need to lie down after engaging in activity" (Tr. 2122), and with the February 2019 exam findings from Elyse Berkovitch, P.T. However, as discussed above, the medical record showed at least four instances where plaintiff reported needing to lie down to relieve pain after engaging in activities. Berkovitch found that plaintiff was squat lifting 40 pounds. However, Berkovitch's exam occurred in 2019, following plaintiff's successful surgery and after nearly a year into her rehabilitation and recovery. Berkovitch's exam has little relevance to plaintiff's medical condition before the fourth surgery. If Dr. Orth's improperly discredited evidence is credited as

7 – OPINION AND ORDER

true, the ALJ would be compelled to find that plaintiff had the functional capacity to sit for 1.5 hours, stand for 1 hour, and move or walk about for 1.5 hours in an 8-hour day.

The VE at the 2017[2] hearing was given the hypothetical of a person who was limited to four hours of combined sitting, standing, and walking in an eight-hour day and would be off task for 20 percent of the workday or miss two or more days per month. Those criteria correspond with Dr. Orth's opinion. The VE testified that a person with those limitations would not be employable in any job in the national economy. Tr. 193.

Citing *Garrison*, the Commissioner argues that even if all three requirements are met, the case should be remanded for further proceedings because the record is not free from conflict. The medical record is replete with subjective and objective evidence confirming plaintiff's ongoing hip pain and injury. For example, throughout the approximately four years at issue, plaintiff complained of burning and pinching chronic pain in the hip, groin, gluteus, and thighs. She complained of catching, popping, instability, and reduced range of motion of her right hip. Tr. 620, 627, 785, 866, 1328. While plaintiff reported that the baseline pain was 4/10 (Tr. 908, 930), at times it was severe (8-9/10) (Tr. 908, 883 (significant pain during medical exam)) and would awaken her at night. Tr. 375, 1070. She reported extreme difficulty walking, squatting, twisting, and pivoting (Tr. 886) and that she was unable to get off the couch. Tr. 1041. The pain got so bad she was unable to walk around her house, vacuum, or wash clothes. Tr. 791. The record shows that as time went on, plaintiff's symptoms worsened. Tr. 1745. Plaintiff underwent four hip surgeries and other therapeutic modalities (physical therapy, chiropractic therapy, and acupuncture) in search of relief from her pain. While the record show that at times,

---

[2] The VE who testified at the 2021 hearing was given a hypothetical based on plaintiff's abilities after her fourth surgery and successful year-long rehabilitation. Those criteria do not reflect her abilities as described in her medical record from the onset date through April 2019.

8 – OPINION AND ORDER

plaintiff reported some improvement in pain (Tr. 625, 863, 908, 933), that she was doing well (Tr. 869), that the hip pain was mild (Tr. 2520) or moderate (Tr. 1075), those modest improvements were transient.

The Commissioner contends that Dr. Orth's testimony conflicts with the testimony of the non-treating, independent medical expert, Dr. Kendrick, and thus there is conflict in the record. Dr. Kendrick testified as an independent medical expert at plaintiff's 2018 hearing. Under the rules in effect at the time plaintiff filed her application for benefits, the opinion of a treating or examining physician is given more weight than the opinion of a non-examining physician. *Ghanim, v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014).[3] Dr. Kendrick opined that plaintiff could occasionally lift 15 pounds and frequently lift 10 pounds or less; sit for six hours during an eight-hour day; could <u>occasionally</u> perform postural tasks such as bending, stopping, kneeling, and crawling. Tr. 121. Dr. Kendrick's opinion is at odds with other opinions in the record. In May 2017, Trevor Tosh, an occupational therapist, examined plaintiff and evaluated her physical capacity. He opined that plaintiff only <u>rarely</u> could kneel, crawl, climb stairs or a ladder, and that she was unable to squat or crouch. Tr. 1332. In June 2017, Dr. Wagner, who twice operated on plaintiff, opined that plaintiff could work four to six hours a day and she would need a sit-to-stand workstation with breaks for stretching and rest. Most notably, Dr. Kendrick's opinion differed from that of Dr. Orth, plaintiff's long-time treating physician, who observed that plaintiff "worked harder than any patient I have ever had to get back into the workforce." Dr. Orth noted that plaintiff had a limited range of motion of the right hip, a labral tear with focal Grade 3 chondromalacia changes adjacent to the femoral head and vevea. He described the

---

[3] As of March 27, 2017, new rules supplanted the hierarchical treatment of medical opinions, see 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Plaintiff filed her application for benefits in 2015 and, thus, the old rules apply.

9 – OPINION AND ORDER

trajectory of her medical treatment and concluded that plaintiff was limited to 4 hours or fewer of combined sitting, standing, and walking. Tr. 2650. He noted that over time, plaintiff's functioning eroded as she had continued surgeries that did not result in improvement. *Id.* Dr. Orth opined that plaintiff was incapable of sedentary work beginning in June 2015 and continuing to early 2019. The opinions of Mr. Toth, Dr. Wagner, and Dr. Orth to be consistent and as treating and examining doctors, their opinions carry more weight than Dr. Kendrick's opinion. As such, the record in this case lacks any serious conflict and remand for immediate payment of benefits is appropriate.[4]

## CONCLUSION

The Commissioner's Motion to Remand (ECF 20) is GRANTED IN PART. The case is REVERSED and REMANDED for the immediate calculation and award of benefits.

DATED November 1, 2022.

/s/ Youlee Yim You<br>
Youlee Yim You<br>
United States Magistrate Judge

---

[4] Because the case is being remanded award of benefits based on the ALJ's erroneous decision regarding the physician's opinion, it is unnecessary to address plaintiff's argument that the ALJ erred in rejecting evidence of her subjective symptoms.